WATSON S. FRENCH v. T. RAYMOND.

January Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 11, 1910.

*Equity—Arbitration and Award—Vacation of Award—Fraud—
Diligence—Vigilantibus, Non Dormientibus Lex Subvenit—
Application.*

The maxim that equity helps the vigilant, not the dormant, is a rule
controlling the administration of remedies, and operates through-
out the entire realm of equity jurisprudence, but rather as fur-
nishing a most important rule controlling and restraining courts
in the administration of all kinds of relief than as the source of
any particular equitable doctrines.

A bill in equity to set aside an award of arbitrators for fraud, in
that defendant persuaded orator's material witness to leave the
State until after the hearing before the arbitrators, in conse-
quence of which orator lost the benefit of his testimony, but fail-
ing to allege when orator first learned of the witness's absence,
or that orator took any means to protect his interests by applying
to the arbitrators for a continuance, or that defendant did any-
thing to prevent orator's exercise of diligence in that regard, is
fatally defective.

APPEAL IN CHANCERY. Heard on demurrer to the bill for
want of equity, at the September Term, 1909, Windham County,
*Hall,* Chancellor. Demurrer sustained, and bill dismissed with
costs. The orator appealed. The opinion states the case.

*Gibson & Waterman* for the orator.

The fraudulent procuring of the removal or detention of
the witness by the defendant placed the orator in an unfair
position, did not permit an adversary hearing, is extrinsic fraud,
and is ground for a court of equity to set aside the judgment.
4 Pom. Eq. Jur. §1364, and note; 6 Pom. Eq. Jur. §§648, 649;

*Camp* v. *Ward,* 69 Vt. 286; *U. S.* v. *Throckmorton,* 98 U. S. 61, 25 L. Ed. 93.

*Herbert G. Barber* and *Frank E. Barber* for the defendant.

The fraudulent acts alleged in the amended bill are regarded in law as *intrinsic* fraud and not as *extrinsic* or *collateral.* *Camp* v. *Ward,* 69 Vt. 286. If the fraudulent acts alleged in the amended bill are *intrinsic* fraud as held by the authorities above cited, the orator cannot be granted the relief he prays for. *Camp* v. *Ward, supra.*

ROWELL, C. J.  This is a suit in chancery to set aside an award for fraud. It has been here before, and is reported in 82 Vt. 156, 72 Atl. 324. The bill was then based on intrinsic fraud, and held bad on demurrer. It is now based on extrinsic fraud, and is again demurred to. It alleges a submission of all matters in difference between the parties to the arbitrament and award of certain persons who entered upon the performance of their duties on such a day, and continued the hearing from time to time for nine days, and then awarded to the defendant such a sum and so much cost. It further alleges that included in said award are divers sums for certain things, the allowance of which depended upon whether the contract between the parties for the hiring of the defendant's farm by the orator was as the defendant claimed it or as the orator claimed it, and that upon said hearing it became and was a material question whether one Tenney drew a paper writing that was signed by the parties and stated the terms of said contract. It further alleges that the orator expected and intended to produce and use as a witness before the arbitrators one Paul of Brattleboro, and expected to prove by him certain disserving declarations of the defendant's concerning matters involved in the arbitration, and that when the orator was preparing his case for trial he searched for said Paul for the purpose of subpoenaing him, but could not find him in the State; and he avers that the defendant, craftily and subtly trying to wrong and defraud him, by means of persuasion, threats, and other inducement to him unknown, well knowing that said Paul was a material witness, induced and persuaded him to leave the State, and to remain thereout until after the

hearing was ended, whereby and by reason whereof the orator lost the benefit of his testimony, and was beaten in consequence thereof.

The only objection made to the sufficiency of the bill is, if taken to allege extrinsic fraud, that it does not show diligence on the part of the orator in respect of the matter complained of, for that it does not show when he first learned of Paul's absence, nor that he took any measures to protect his interests by applying to the arbitrators for a continuance nor otherwise, nor show that the defendant did anything to prevent his exercising diligence in this regard; and we think this objection is well taken, for the maxim is that equity helps the vigilant, not the dormant. This maxim, as Mr. Pomeroy says, is a rule controlling the administration of remedies, and operates throughout the entire remedial domain of equity jurisprudence, but rather as furnishing a most important rule controlling and restraining the courts in the administration of all kinds of relief, than as being the source of any particular and distinctive doctrines of that jurisprudence. Its design is to promote diligence on the part of suitors; to discourage laches by making it a bar to relief; and to prevent the enforcement of stale demands of all kinds, wholly independent of statutory periods of limitation. It is invoked for these purposes in suits for injunctions, suits to obtain relief against fraud, and in all classes of cases except; perhaps, those brought to enforce trusts against an express trustee. 1 Pom. Eq. §419. So Lord CAMDEN somewhere says that nothing can call forth a court of equity into activity but conscience, good faith, and reasonable diligence. To the same effect is *Bishop* v. *Allen,* 55 Vt. 423.

*Decree affirmed and cause remanded, with liberty to the court of chancery to entertain a motion for leave to amend, and if granted, to reverse or alter the part of the decree dismissing the bill as it deems necessary.*